IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00163-BO

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| EDDIE DESMOND WILLIAMS | ) | |
| | ) | |

This matter is before the Court on Defendant's Motion to Dismiss Count Three of the Superseding Indictment. (DE # 66). Defendant's Motion is GRANTED. The Government is ORDERED to elect whether to charge Defendant with Count Two or Count Three.

### FACTS

On January 19, 2011, the Government filed a Superseding Indictment against the Defendant (DE # 36). Count Two charges that on November 29, 2009, Defendant knowingly possessed a firearm, specifically a Mossberg, Model 500A, shotgun, in violation of Title 18 U.S.C. § 922(g) (1) and 924. Count Three charge that on November 29, 2009, the Defendant knowingly possessed ammunition in violation of Title 18 U.S.C. § 922(g) (1) and § 924.

These charges relate to a shooting that took place at 488 Merriman Street in Henderson, North Carolina on November 29, 2009. The Government alleges that Defendant lived at 488 Merriman Street and that Defendant was involved in this shooting.

Police allegedly seized five spent ammunition shells from the street and up to the driveway of 488 Merriman Street. Police allegedly also recovered the Mossberg shotgun and one unspent shell next to the house.

1

DISCUSSION

Defendant's Motion to Dismiss is granted and the Government is ordered to elect whether to charge Defendant with Count Two or Count Three.

Multiplicitous Counts

The Court finds that Count Two and Count Three are multiplicitous.

An indictment which charges separate violations of 18 U.S.C. § 922(g) for firearms and ammunitions found on the same day in the same place is multiplicitous. United States v. Dunford, 148 F.3d 385, 390 (4th Cir. 1998) ("We will apply the rule stated in Mullins to hold now that Dunford's possession of the six firearms and ammunition, seized at the same time from his house, supports only one conviction of 18 U.S.C. § 922(g).). Also see, United States v. Shorter, 328 F.3d 167, 173 (4th Cir 2003) (stating that two § 922(g) charges were multiplicitous when "[b]oth of the firearms were found during the search of Shorter's apartment on October 13; thus, his possession of them was simultaneous.") Here, police allegedly found the shotgun and ammunition shells in Count Two and Three on the same day and in the same residential yard. Thus, this evidence should only result in one count under § 922(g).

The Government's Response to Defendant's Motion to Dismiss is unpersuasive. Although the Government cites to United States v. Goodine for support, this case concerned both a different legal issue and different facts from the instant case. 400 F.3d 202, 207-209 (4th Cir. 2005). Goodine addressed whether after a defendant was acquitted on an ammunition charge and had a mistrial on a firearm charge, the Government could retry him on the firearm charge. The Defendant argued that the ammunition charge and firearm charge actually derived from a single criminal offense, so to retry him on the firearm charge would violate the Double Jeopardy Clause. The Fourth Circuit specifically noted that the Double Jeopardy issue presented "a

2

separate issue" from whether the charges in the indictment were multiplicitous. Id. at n. 7, 207. Unlike the Double Jeopardy issue, "the 'signal danger' of a multiplicitous indictment is that a defendant might thereby receive multiple punishments for the same crime." Id. at 207, citing United States v. Colton, 231 F.3d 890, 910 (4th Cir.2000). Goodine held that the defendant could be retried as the gun and ammunition constituted with two separate offenses. The Fourth Circuit stated, "[u]nlike the situation addressed in Dunford, the pistol and the bullet underlying this indictment were seized at different times and in different locations—the gun being seized in Goodine's kitchen trash can, and the bullet being seized later at the Jail." Id. at 209.

Unlike in Goodine, the issue here is not Double Jeopardy, but the "separate issue" of whether the indictment charges a single offense twice. Id. at n. 7. More importantly, unlike in Goodine, the gun and ammunition here were seized from the same location and at the same time. The Government admits the evidence here was seized "close to each other." Response at 3. Indeed, they were seized in the same residential yard. The Government does not specify when the evidence was found, but the indictment charges possession on the same day, November 29, 2009. See Shorter, 328 F.3d at 173 (stating that two § 922(g) charges were multiplicitous when "[b]oth of the firearms were found during the search of Shorter's apartment on October 13; thus, his possession of them was simultaneous.")

The Government also seems to argue that because Defendant did not necessary allegedly *possess* both firearm and ammunition simultaneously, they could thus be separate offenses. This argument misconstrues the holding of Dunford and its progeny. Dunford did not focus on whether the Defendant personally and physically possessed all the evidence simultaneously. Indeed, the Dunford defendant was never accused of holding all six guns and their corresponding ammunition at once. Dunford instead focused on when the pieces of evidence were seized and

3

whether they were seized in proximity; this in turn created a legal inference of simultaneous possession. Here, police found the shotgun and ammunition shells in Count Two and Three on the same day in the same residential yard. Thus, Defendant allegedly legally possessed the evidence simultaneously and the counts are multiplicitous.

Remedy for Multiplicitous Counts

The Government must choose whether to charge the Defendant with Count Two or Count Three.

The Government argues that if the counts are multiplicitous, the Court should not dismiss one of the counts, but should instead just vacate one of the counts if the jury convicts Defendant of both. The Court cites <u>Goodine</u> for this proposition. 400 F.3d at 207, n.7 ("When we have had occasion to address multiplicitous indictment issues in other contexts, they have invariably related to scenarios where the defendant has been convicted of one or more counts that are actually a single offense charged multiple times. In each of these situations, we remedied the multiplicity concerns by directing that the defendant be sentenced on only one of the multiple convictions.")(internal citations omitted). <u>Goodine,</u> however, addressed the appropriate remedy on appeal after the multiplicitous convictions have already taken place. Here, on the District Court level, the Court has the opportunity to dismiss a count before the trial takes places.

The risk of a trial court not dismissing a redundant count is that it "may falsely suggest to a jury that a defendant has committed not one but several crimes." <u>See, e.g., United States v. Marquardt,</u> 786 F.2d 771, 778 (7th Cir. 1986) (multiple indictments create the impression of more criminal activity than in fact occurred). "Once such a message is conveyed to the jury, the risk increases that the jury will be diverted from a careful analysis of the conduct at issue," and

4

will reach a compromise verdict or assume the defendant is guilty on at least some of the charges. <u>United States v. Clarridge</u>, 811 F. Supp. 697, 702 (D.D.C. 1992).

The Court thus orders the Government to elect whether to charge Count One or Count Two.

CONCLUSION

Defendant's Motion to Dismiss is GRANTED and the Government is ORDERED to elect whether to charge Defendant with Count Two or Count Three.

SO ORDERED, this __5__ day of May, 2011.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5