IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:10-CR-163-1BO

FILED IN OPEN COURT
ON 4/27/2012
Julie A. Richards, Clerk
US District Court
Eastern District of NC

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| EDDIE WILLIAMS | ) | |

This matter is before the Court on Defendant Eddie Williams' Motion to Withdraw Guilty Plea [DE 105]. The government has responded [DE 107] and a hearing was held before the undersigned on April 25, 2012. For the reasons discussed at the hearing and below, Defendant's motion to withdraw his guilty plea is denied.

## BACKGROUND

Defendant was charged in a three-count superseding indictment with possession of ammunition by a felon (count one), possession of a firearm by a felon (count two), and possession of ammunition by a felon (count three) in violation of 18 U.S.C. § 922(g). Defendant entered pleas of not guilty on all counts before this Court on May 5, 2011. On the eve of trial, Defendant entered a plea of guilty to count one pursuant to a written plea agreement. Defendant now seeks to withdraw that plea, contending that his plea was entered at the advice of counsel, who has been permitted to withdraw, with regard to sentencing enhancements Defendant might face. Specifically, Defendant contends that earlier counsel advised him that entering a plea of guilty to count one would allow Defendant to avoid the application of the U.S.S.G. 2K2.1 cross-reference, resulting in a lower advisory sentencing guideline range.

## DISCUSSION

Federal Rule of Criminal Procedure 11 provides that a defendant may withdraw his guilty plea if "the defendant can show a fair and just reason for requesting the withdrawal." Fed.R.Crim.P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw a plea of guilty, and bears the burden of showing that a fair and just reason for requesting the withdrawal exists. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991); *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). A court considers six factors when presented with a defendant who wishes to withdraw his guilty plea: (1) whether the defendant provided credible evidence that his plea was not knowing or voluntary; (2) whether the defendant credibly asserted his legal innocence; (3) whether there was a delay between entering the plea and moving for withdrawal; (4) whether the defendant had close assistance of competent counsel; (5) whether withdrawal will prejudice the government; and (6) whether withdrawal will inconvenience the court and waste judicial resources. *Moore*, 931 F.2d at 248.

Upon review of all of the *Moore* factors, the Court finds no grounds to disturb the "grave and solemn" Rule 11 proceedings conducted in this matter. *Brady v. United States*, 397 U.S. 742, 748 (1970). Defendant's Rule 11 colloquy reveals that Defendant was duly sworn, was competent to proceed, that Defendant entered his plea voluntarily, and that Defendant was assisted by and satisfied with the assistance of counsel. Further, Defendant was notified by the Court that, if determined to be an armed career offender, his punishment would be fifteen years to life imprisonment. If "the court specifically warns the defendant of possible results different from those he anticipated because of . . . prior advice, then the defendant bears a heavy burden when attempting to demonstrate that the prior . . . advice should form the basis of a fair and just reason

2

for a later withdrawal of his plea." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992). The Court finds that Defendant has not met that burden.

Nor has Defendant credibly asserted his legal innocence. Even though Defendant did first enter pleas of not guilty to all charges, Defendant's request to withdraw his guilty plea today is not based on a contention that he is actually innocent of the conduct alleged in count two, but rather that he would not have pled guilty if he had known that he would face an enhanced sentence. There was also a great delay between Defendant's entry of his plea and his motion to withdraw – Defendant entered his plea in May 2011 and only sought to withdraw it in February 2012. Though during some of that time Defendant was being evaluated under 18 U.S.C. § 4241(a), Defendant was found to be malingering; accordingly, the Court finds that this factors weighs against Defendant in this matter. *See Moore*, 931 F.2d at 248 (six weeks between guilty plea and motion to withdraw a long delay).

Defendant also received the assistance of competent counsel. Counsel at issue here filed numerous motions on Defendant's behalf and hired a private investigator to locate possible witnesses. Defendant confirmed during his Rule 11 colloquy that his was satisfied with his lawyer's work and that his counsel had explained the plea agreement to him. Defendant's plea agreement specifically states that the Court would not be bound by the applicable sentencing guidelines and that "any estimate of the sentence received from any source is not a promise, and that even if a sentence up to the statutory maximum is imposed, the Defendant may not withdraw his plea of guilty" [DE 79 at ¶ 3(d)]. Defendant points only to counsel's misrepresentation regarding his possible guideline range as potentially not-competent assistance. However, because the Court "clearly and correctly pointed out to [Defendant] at the Rule 11 proceeding that he could

3

receive a life sentence," the Court finds that any error or failure on the part of counsel with regard to an estimation of Defendant's sentence does not sufficiently weigh in favor of a fair and just reason to allow Defendant to withdraw his plea. *Lambey*, 974 F.2d at 1396.

With regard to consideration of potential prejudice the government, the Court finds that the government has already once prepared for trial, subpoenaed witnesses, and asked the victim in this matter to travel and be prepared to testify. While the Court does not comment on precisely how much prior effort on the part of the government would amount to prejudice, it does consider heavily the efforts of the victim in this matter and notes that any lack of prejudice to the government is not dispositive in this analysis. *Moore*, 931 F.2d at 248. Finally, the Court considers the inconvenience to the Court and waste of judicial resources if Defendant is permitted to withdraw his plea. While the Court has allocated time and resources to these proceedings, including calendaring a jury trial, it finds that any inconvenience or waste of resources would not alone be a sufficient basis on which to deny Defendant's request. However, in light of the other four factors tipping decidedly in favor of not permitting Defendant to withdraw his plea of guilty, the Court finds that Defendant's motion must be denied.

## CONCLUSION

Accordingly, for the reasons discussed above, Defendant's Motion to Withdraw Guilty Plea is DENIED.

SO ORDERED, this 27 day of April, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4